ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re subpoenas to BROADCOM, CORPORATION, a California corporation.<br><br>*Underlying litigation:*<br>TQ DELTA, LLC, v. 2WIRE, INC., Case No. 13-cv-1835-RGA<br><br>TQ DELTA, LLC, v. ZHONE TECHNOLOGIES, INC., Case No. 13-cv-1836-RGA<br><br>TQ DELTA, LLC, v. ZYXEL COMMUNICATIONS, INC. and ZYXEL COMMUNICATIONS CORPORATION, Case No. 13-cv-2013-RGA<br><br>TQ DELTA, LLC, v. ADTRAN, INC., Case No. 14-cv-954-RGA<br><br>ADTRAN, INC., v. TQ DELTA, LLC, Case No. 15-cv-121-RGA | Case No. MC17-00111-PA (ASx)<br><br>[~~Proposed~~] **PROTECTIVE ORDER** |

WHEREAS, The Honorable Richard G. Andrews, United States District Judge, entered a Protective Order to govern discovery in the above-referenced underlying actions ("the action") ("the Underlying Protective Order") (Case No. 1:13-cv-01835-RGA, Dkt. 72 (D. Del.)); and

WHEREAS, Broadcom Corporation ("Broadcom"), a non-party to these action has been subpoenaed by TQ Delta, LLC ("TQ Delta") to produce Source Code and other documents in this action that include or incorporate confidential information belonging to Broadcom ("Broadcom Confidential Information");

WHEREAS TQ Delta and Broadcom have agreed to additional provisions to protect against misuse or improper disclosure of such Broadcom Confidential Information; and

WHEREAS TQ Delta and Broadcom have jointly filed a Motion for a Protective Order in this Court; and

THE COURT HAVING FOUND GOOD CAUSE;

THEREFORE the following Protective Order is entered. Broadcom Confidential Information produced in connection with the above-captioned matter that is designated as "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the following restrictions:

## A. Definitions

1. "Defendants": the following defendants 2Wire, Inc., Zhone Technologies, Inc., ZyXEL Technologies, Inc., ZyXEL Communications Corp., and Adtran, Inc., who may have a need to access Broadcom Confidential Information.

2. "Broadcom Material": all information, documents, testimony, and things produced, served, or otherwise provided in this action by any Party or by Non-Party Broadcom, that include or incorporate Broadcom Confidential Information.

3. "Personnel Retained by a Receiving Party in this Action" means any consultants, experts, or outside counsel (including their support staff) that have been and continue to be retained by a Receiving Party in these action. For the sake of clarity, any person who was retained by a Receiving Party in this action will no

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

longer fall under this definition if that person ceases to be retained by a Receiving Party in these action.

4. "Party" shall have the same meaning ascribed to it in the Underlying Protective Order.

5. "Producing Party" and "Receiving Party" shall have the same meanings as ascribed to those terms in the Underlying Protective Order, except that both definitions as used herein shall also extend to "Designated Broadcom Material" as defined herein.

6. "Authorized Reviewer(s)" shall mean persons authorized to review "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" material in accordance with this Order and the Underlying Protective Order.

7. For purposes of this Order, "Source Code" includes human-readable programming language text that defines software, firmware, or hardware representations. Text files containing Source Code shall hereinafter be referred to as "Source Code Files." Source Code Files include, but are not limited to files containing Source Code in "C", "C++", assembler, digital signal processor (DSP), or any other programming languages. Source Code Files further include ".include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP. Source Code Files also include code content that represents hardware design, including code in HDL (VHDL, Verilog), RTL, etc., that translates into gates after synthesis.

8. "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" material: Source Code that Broadcom believes in good faith includes or incorporates Broadcom's Confidential Information that is not generally known to others, and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and that Non-Party Broadcom would not normally reveal to third parties except in confidence, or

has undertaken with others to maintain in confidence. This includes Broadcom Source Code in the Producing Party's possession, custody, or control, and made available for inspection by the Producing Party.

9. "Designated Broadcom Material": material that is designated "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" under this Order.

10. "Counsel of Record": (i) outside counsel who appears on the pleadings, or have entered an appearance in the underlying litigation, as counsel for a Party, (ii) partners, principals, counsel, associates, employees and contract attorneys of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, and/or (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action. This definition is subject to the requirements of Judge Andrews' Order dated September 26, 2016.

11. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Counsel of Record to serve as an expert witness or a litigation consultant in this action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of: 1) a Party, 2) a competitor of a Party, or 3) a competitor of Non-Party Broadcom.

12. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have

been retained or directed by Counsel of Record in this action, and who are not current employees of a Party or of a competitor of a Party and who, at the time of retention, are not anticipated to become employees of: 1) a Party, 2) a competitor of a Party, or 3) a competitor of Non-Party Broadcom. This definition includes ESI vendors, and professional jury or trial consultants retained in connection with this litigation to assist a Party, as well as companies retained to perform escrow and hosting services for Source Code. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B. Relationship to Underlying Protective Order**

1. This Order shall not diminish any existing restriction with respect to Designated Broadcom Material. TQ Delta acknowledges and agrees that this Order is a supplement to the Underlying Protective Order entered in this action. The Underlying Protective Order applies to all material designated pursuant to this Order. To the extent that any provisions in this Order and the Underlying Protective Order conflict or otherwise differ, this Order shall govern.

**C. Scope**

1. The protections conferred by this Order cover not only Designated Broadcom Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

2. This Order shall not prevent a disclosure to which Non-Party Broadcom consents in writing before that disclosure takes place.

3. This Order shall apply to all Broadcom Source Code designated as "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that is produced or provided for inspection by Broadcom in this action, including all Broadcom Source Code that is in the possession, custody or control of Broadcom.

**D. Designating Protected Material**

1.    Designations of protected material under this Supplemental Protective
Order will be governed by the provisions specified in the Underlying Protective
Order's section on "DESIGNATING PROTECTED MATERIAL."

**E.    Challenging Confidentiality Designations**

1.    Any Party may object to the designation of particular
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY,"
or "HIGHLY CONFIDENTIAL - SOURCE CODE" information by specifically
identifying the information to which the objection is made in a written notice to the
party designating the disputed information. However, a Party shall not be obligated
to challenge the propriety of such designations at the time made, and the failure to
do so shall not preclude a subsequent challenge thereto. If the parties cannot resolve
the objection, it shall be the obligation of the party challenging the
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" designation to file and
serve a motion under L.R. 37-1 to 37-3 (and in compliance with any other
applicable Local Civil Rule(s)) that specifically identifies the challenged material
and sets forth in detail the basis for the challenge. Each such motion must be
accompanied by a competent declaration that affirms that the movant has complied
with the meet and confer requirements imposed in L.R. 37-1. Until the Court rules
on the challenge, all Parties shall continue to afford the material in question the
level of protection to which it is entitled under the Producing Party's designation.

**F.    Access To Designated Broadcom Material**

1.     Access to "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" material:  Unless otherwise ordered by the Court or permitted in writing by Non-Party Broadcom, Receiving Party may disclose any information, document or thing designated "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" only to:

a.     Persons who appear on the face of Designated Broadcom Material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony of behalf of a Producing Party or Broadcom regarding the same;

b.     During their depositions, witnesses in this Action to whom disclosure is reasonably necessary for the Underlying Litigation and who have signed the "Agreement to Be Bound By Supplemental Protective Order" (Exhibit A), or who qualify under Section F(1)(a), unless otherwise agreed by the Producing Party or ordered by the court; however, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

c.     Counsel of Record;

d.     Outside Consultants of a Party to whom disclosure is reasonably necessary for this litigation, and who have signed the acknowledgement form annexed to the Protective Order as Exhibit A, the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order," and the "Certification Of Consultant" attached hereto as Exhibit B;

e.     Any designated arbitrator or mediator who is assigned to hear this matter or who has been selected by the Parties, and his or her staff;

f.     The Court, the United States District Court for the District of Delaware, and any seated jury;

g.     Court reporters and videographers employed in connection with this case; and

h.     Professional Vendors to whom disclosure is reasonably necessary for this litigation.

2.     Absent a court order or agreement of the Producing Party, Designated Broadcom Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff.

3.     The Parties acknowledge that Designated Broadcom Material also may be subject to the US government export control and economic sanctions laws, including the Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/ ) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC").  Receiving Parties and their Outside Consultants may not directly or indirectly export, re-export, transfer or release (collectively, "Export") any Designated Broadcom Material to any destination, person, or entity outside the United States.

4.     Absent written permission from Non-Party Broadcom, persons not permitted access to Designated Broadcom Material under the terms of this Order shall not be present at depositions while Designated Broadcom Material is discussed or otherwise disclosed.  Any Party intending to disclose or discuss Designated Broadcom Material at pretrial or trial proceedings must give reasonable advance notice to the Producing Party to assure the implementation of the terms of this Protective Order.

**G.     Access By Outside Consultants**

1.     **Notice.**  If a Party wishes to disclose Designated Broadcom Material to the Party's Outside Consultant, the Party must, prior to the Outside Consultant being granted access to any Designated Broadcom Material, provide notice to

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

counsel for Non-Party Broadcom, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with Non-Party Broadcom or any of the Parties to this action; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last five years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or employment, a brief description of the subject matter of the consultancy or employment, and copies of the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B, that have both been signed by that Outside Consultant. Broadcom shall have seven calendar days to raise any objections for good cause to those Outside Consultants, starting from the first business day following the date upon which Receiving Party expressly notifies Broadcom of that expert and provides the information set forth above, whereby such express notification shall be provided to Broadcom directly by Receiving Party.

2. Designated Broadcom Material may not be disclosed to mock jurors without Broadcom's express written consent, which shall not be unreasonably withheld.

3. Objections. With respect to Outside Consultants that have not been previously disclosed to Non-Party Broadcom, Non-Party Broadcom shall have seven (7) calendar days from receipt of the notice specified in Paragraph G to object for good cause in writing to such disclosure (plus three (3) extra days if notice is given in any manner other than by hand delivery, e-mail delivery or facsimile transmission). After the expiration of the 7-day (plus 3-days, if appropriate) period, if no objection for good cause has been asserted by Broadcom, then Designated Broadcom Material may be disclosed to the Outside Consultant

pursuant to the terms of this Supplemental Protective Order. Any objection by Non-Party Broadcom must be made for good cause, and must set forth in detail the grounds on which it is based. Should Receiving Party disagree with the basis for the objection(s), Receiving Party must first attempt to resolve the objection(s) informally with Non-Party Broadcom. If the informal efforts do not resolve the dispute within five (5) business days from the date upon which Receiving Party was first notified of any objection for good cause by Non-Party Broadcom, Receiving Party may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. Non-Party Broadcom shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), or the subsequent resolution of the objection for good cause by Receiving Party and Non-Party Broadcom, the discovery material shall not be disclosed to the person objected to by Non-Party Broadcom.

4.      The Notice requirements, Objections procedure, and related deadlines outlined in this subsection do not apply to Outside Consultants who have already been disclosed to Broadcom under the terms of the Underlying Protective Order entered in this action. For those Outside Consultants, the Procedures for Approving Disclosure of that Protective Order govern this issue. These Outside Consultants are still required to submit to Broadcom signed copies of the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached as Exhibit B, before viewing any Source Code designated BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE. But for these Outside Consultants, submission of these materials does not begin another objections period.

## H.    Production of BROADCOM – ATTORNEYS' EYES ONLY – SOURCE CODE Material

1.      Broadcom Source Code:

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

a.     TQ Delta shall provide to the Producing Party two stand-alone, non-networked personal computers running a reasonably current version of the Microsoft Windows operating system, a printer as well as any monitors, keyboards, and mice for the computers to be deposited with the third-party escrow service (each computer being a "Source Code Computer").  The Receiving Party's outside counsel and/or experts may place commercially-available software tools reasonably necessary for the Receiving Party to perform its review consistent with its review under this Protective Order on the review computer provided to the Producing Party, and Receiving Party shall provide a list of all such software tools on the review computers. Specific tools that may be used include, but are not limited to, Eclipse, Notepad++ (with SourceCookifier plug-in), kdiff (with Windows-Explorer integration – shell extension Diff-Ext-for-KDiff3 installed and enabled), Effective File Search, Google Chrome (or any other browser to view XML or web-page-related source-code files), Microsoft Office (to the extent any files produced are in Microsoft Office format), Visual Slick Edit, Araxis Merge, and "grep."  The Receiving Party shall not at any time use any compilers, interpreters or simulators in connection with the Source Code review.

b.     To the extent Broadcom makes BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE material available for inspection, Broadcom shall deposit such Source Code available electronically and in text searchable form with a third-party escrow service Iron Mountain, located at 9450 Bloomington Freeway, Bloomington, MN 55431, or another location as Broadcom and TQ Delta may agree, within 7 days of the last of the following three events that occurs:  (1) entry of this protective order, (2) execution the escrow agreement, and (3) receipt from TQ Delta of the Equipment identified in the escrow service agreement, until September 21, 2018.  All expenses related to the third party escrow service will be paid by TQ Delta.  Source Code shall be made available by the third-party escrow service during the regular business hours of the escrow service,

and other times as mutually agreed by TQ Delta and the escrow service, pursuant to the terms of this Protective Order and the agreement between TQ Delta, Broadcom, and Iron Mountain. Broadcom or its counsel may supervise the inspection at its discretion, but may not unreasonably interfere with the inspection or attempt to listen to any conversation by the reviewers. The Source Code Computer shall be configured to permit review of the Source Code through a password-protected account having read-only access.

c.     The Source Code Computer shall be equipped to print copies of the Source Code on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party to the third party escrow service. Under no circumstances are original printouts of the Source Code to be made except for directly onto the watermarked and numbered sides of the paper provided by the Producing Party. Additionally, Authorized Reviewer(s) may not print any continuous block of Source Code that results in more than 50 consecutive printed pages. Counsel for the Producing Party will keep the original printouts, and shall provide copies of such original printouts to counsel for the Receiving Party within three (3) business days of (1) any request by the Receiving Party, or (2) otherwise being notified that such original printouts have been made. Counsel of Record for the Receiving Party may request up to 10 copies of each original printout of Source Code.

d.     No more than 700 pages of the total Source Code may be in printed form at any one time. In addition, the Receiving Party shall not print more than 700 pages of other Broadcom Designated Material stored with the Source Code (which documents typically contain Broadcom Source Code and shall be treated as Source Code under the Protective Order). All printed Source Code shall be logged by Receiving Party's Counsel of Record and/or other Personnel Retained by a Receiving Party in this Action as noted below. Receiving Party may request to print additional pages in excess of the limits stated above, which request the

Producing Party shall not unreasonably deny.  No additional electronic copies of the Source Code shall be provided by the Producing Party.  Hard copies of the Source Code also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology.

       e.     Authorized Reviewer(s) in this Action shall not print Source Code which has not been reviewed on the Source Code Computer, or in order to review the Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Broadcom sSource Code electronically on the Source Code Computer, as TQ Delta and Broadcom, and Defendants acknowledge and agree that the purpose of the protections herein would be frustrated by such action.

       f.     Authorized Reviewer(s) are prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room.  Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone jacks or other outside electronic devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason. Notwithstanding the preceding prohibitions, in the event a deposition is taken in the secure room, stenographers or videographers may bring outside electronic devices reasonably necessary to record the deposition into the review subject to the provisions of section (i) below.

       g.     If any Authorized Reviewer(s) seeks to take notes inside the secure room, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks No loose paper or other paper that can be used in a printer may be brought into the secure room.  All such notes must be marked as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

       h.     Where absolutely necessary or required by the Court, the Receiving Party and the Producing Party may make further copies of original

source code printouts in the form required to be included in pleadings filed under seal, to be included as exhibits in expert reports, or to be used as exhibits in depositions or at trial, where such pleadings, expert reports, and transcripts from such depositions or trial are designated "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE".  In the event copies of printouts of Designated Broadcom Material are used as exhibits in a deposition, further copies of the Designated Broadcom Material printouts made for the deposition or trial shall be destroyed at the conclusion of the deposition or trial.

      i.      If a depositions of an individual authorized under this Protective Order to view Broadcom-Attorneys' Eyes Only Source Code occurs at the location of the third party escrow service, then a Source Code Computer may be used during the deposition, except that the screen of the Source Code Computer shall not be recorded on any videographic record of the deposition. This provision does not otherwise limit a party from using print-outs of Designated Broadcom Material at depositions.

      j.      In addition to other reasonable steps to maintain the security and confidentiality of Non-Party Broadcom's Source Code, printed copies of the Source Code maintained by the Authorized Reviewer(s) must be kept in a locked storage container when not being actively reviewed or otherwise being transferred as permitted by this Supplemental Protective Order.

      k.      The Receiving Party's Counsel of Record shall keep log(s) recording the identity of each individual beyond Counsel of Record to whom each hard copy of each Producing Party's Source Code was provided and when it was provided to that person.  Non-Party Broadcom or its outside counsel may request in writing (including email) the Receiving Party's Counsel of Record to serve the log relating to Source Code produced by Non-Party Broadcom upon Broadcom or its outside counsel at any time after the issuance of a final, non-appealable decision resolving all issues in this case, and the Receiving Party's Counsel of Record must

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

serve the log(s) as requested within thirty (30) days of any such written request from each Producing Party's Counsel of Record.  In addition, at any time after the issuance of a final, non-appealable decision resolving all issues in these cases, each Producing Party's Counsel of Record may also request any Outside Consultants of the Authorized Reviewer(s) to whom the paper copies of the Source Code were provided to certify in writing that all copies of the Source Code were returned to the counsel who provided them the information and that they will make no use of the Source Code or of any knowledge gained from the Source Code in any future endeavor, whereupon such certification shall be provided to Broadcom's Counsel of Record within thirty (30) days of that request.

l.      The Producing Party and the Receiving Party may agree on alternative arrangements on how Broadcom Source Code will be produced.

**I.     Prosecution, Development, and Patent Acquisition Consulting Bar**

1.      Unless otherwise permitted in writing between Producing Party and Receiving Party, any individual who personally receives, other than on behalf of Producing Party, any material designated "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall not participate in amending or drafting patent specifications or claims before a Patent Office of any patent or patent application substantially related to the particular technology or information disclosed in the Designated Broadcom Material, from the time of receipt of such material through until at least two years after the individual person(s) cease to have access to materials designated "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as well as any materials that contain or disclose Broadcom Material so designated.  This provision shall not apply to post-grant adversarial proceedings, including reexamination or opposition proceedings filed in relation to the patents-in-suit or foreign counterparts.

2.      Unless otherwise permitted in writing between Producing Party and Receiving Party, any Outside Consultant retained on behalf of Receiving Party who

is to be given access to documents or Source Code designated as "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" produced by another Party must agree in writing not to perform hardware or software development work or product development work intended for commercial purposes substantially related to the particular technology or information disclosed in the Designated Broadcom Material from the time of first receipt of such material through until at least two years after the Outside Consultant ceases to have access to any material designated "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as well as any materials that contain or disclose Broadcom Material so designated.

3.     Unless otherwise permitted in writing between Producing Party and Receiving Party, any Outside Consultant retained on behalf of Receiving Party who is to be given access to "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" must agree in writing not to advise anyone regarding the purchase or acquisition of patents for assertion against Producing Party having claims that read on the Source Code that Outside Consultant reviews, from the time of first review of such material by Outside Consultant and through until two years after the Outside Consultant last accesses any material designated "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as well as any materials that contain or disclose Broadcom Material so designated.  The Parties' counsel will maintain a log indicating which Source Code printouts that each Outside Consultant views.  For avoidance of doubt, this provision does not prevent Outside Consultants from working on matters adverse to Broadcom where they are not asked to advise on the purchase or acquisition of patents.

**J.     Protected Material Subpoenaed or Ordered Produced In Other Litigation**

1.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this

action as "BROADCOM –OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," Receiving Party must endeavor to so notify the Producing Party of such information, documents or things, in writing (by fax and email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Supplemental Protective Order and the Protective Order. In addition, the Receiving Party must provide a copy of this Supplemental Protective Order and the Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Supplemental Protective Order and the Protective Order, and to afford the Party whose Designated Broadcom Material in this case, is at issue in the other case, an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Producing Party shall bear the burdens and the expenses of seeking protection in that court of Designated Broadcom Material. Nothing in these provisions should be construed as authorizing or encouraging any Authorized Reviewer(s) in this action to disobey a lawful directive from another court.

**K.     Unauthorized Disclosure Of Designated Broadcom Material**

1.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Broadcom Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Broadcom Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Nothing in these

provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Order.

**L.   Duration**

1.     Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect for two (2) years following the termination of this action, or until Non-Party Broadcom agrees otherwise in writing or a court order otherwise directs.

**M.   Final Disposition**

1.     Unless otherwise ordered or agreed in writing by Producing Party, within thirty (30) days of the termination of all of these action, whether through settlement or final judgment (including any and all appeals therefrom), all Designated Broadcom Material produced by any Party in this action, and all secondary materials incorporating Designated Broadcom Material (*e.g.*, work product, expert reports, motions, etc.), shall either be returned to the Producing Party or be destroyed.  The Receiving Party shall verify the return or destruction of Designated Broadcom Material by notification furnished to the Producing Party within 30 days of termination of this action.

IT IS SO ORDERED.

DATED:   September 7, 2017          / s / Alka Sagar

Honorable Alka Sagar
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY**

**SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL**

**INFORMATION OF NON-PARTY BROADCOM IN THIS CASE**

I, _____ [print or type full name],

state: My business address is _____.

      1.      My present employer is _____.

      2.      My present occupation or job description is _____.

      3.      I have been informed of and have reviewed the Supplemental Protective Order Governing Discovery From Non-Party Broadcom ("Supplemental Protective Order") entered in this case, and understand and agree to abide by its terms. I agree to keep confidential all information provided to me in this matter, in accordance with the restrictions in the Supplemental Protective Order, and to be subject to the authority of the U.S. District Court for the Central District of California in the event of any violation or dispute related to this Supplemental Protective Order.

      4.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed On_____.


_____

[Printed Name]

_____

[Signature]

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

**CERTIFICATION OF CONSULTANT RE SUPPLEMENTAL**

**PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**

**OF NON-PARTY BROADCOM IN THIS CASE**

I, _____ [print or type full name],

of _____ am not an employee of the

Party who retained me or of a competitor of any Party or Non-Party Broadcom and

will not use any information, documents, or things that are subject to the

Supplemental Protective Order Governing Discovery From Non-Party Broadcom in

this case for any purpose other than this litigation. I agree not to perform hardware

or software development work or product development work intended for

commercial purposes relating to the particular technology or information disclosed

in the Designated Broadcom Material and I agree not to advise anyone regarding

the purchase or acquisition of patents for assertion against Producing Party having

claims that read on the code that I review, from the time of my first review of such

material and through until two years after I last access any material designated

"BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as

well as any materials that contain or disclose Broadcom Material so designated.

I state under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.


Executed On_____.


_____

[Printed Name]

_____

[Signature]

88350969.1

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS